# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

DAVID PHILLIP OSEGERA,

    Plaintiff,

vs.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

No. 21-CV-3009-CJW-MAR

**ORDER ON REPORT AND RECOMMENDATION**

_____

## I. INTRODUCTION

This matter is before the Court on a July 14, 2022 Report & Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge. (Doc. 25). Judge Roberts recommends the Court affirm the decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff David Phillip Osegera's ("claimant") application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. (*Id.*, at 1). On July 25, 2022, claimant filed a timely objection. (Doc. 26). The Commissioner filed a timely response. (Doc. 27).

For the following reasons, the Court **overrules** claimant's objections (Doc. 26), **accepts** Judge Roberts' R&R (Doc. 25) without modification, and **affirms** the decision of the Commissioner.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact,

if supported by substantial evidence, shall be conclusive[.]"). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (quotation omitted). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quotation omitted).

To determine whether the Commissioner's decision meets this standard, the court "consider[s] all of the evidence that was before the [administrative law judge ("ALJ")], but [it does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both "evidence [which] supports the Commissioner's decision [and] evidence that detracts from it." *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010) (quotation omitted). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555, or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (quotation omitted). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th

2

Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quotation omitted). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Review of an R&R

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S.

364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. PROCEDURAL HISTORY AND THE R&R

On January 3, 2018, claimant applied for Social Security benefits, alleging he became disabled July 14, 2017, due to blindness or low vision, polyneuropathy, liver cirrhosis, anxiety and depression. (AR 16, 20).[1] The Commissioner denied his application on initial review and again on reconsideration. (AR 122, 129). On January 23, 2020, an ALJ held a hearing on claimant's application. (AR 16).

On February 3, 2020, the ALJ issued a written opinion finding claimant was not disabled. (AR 13-25). The ALJ found that claimant suffered from the following severe impairments: peripheral neuropathy, chronic liver cirrhosis, and lower back pain. (AR 18). The ALJ found claimant's alcoholism not a severe impairment because it did not cause more than a mild limitation. (AR 18-19). For purposes of determining claimant's ability to perform his past work (at step four) and other work (at step five), the ALJ determined claimant's Residual Functional Capacity ("RFC")[2] was such that he could "perform light work . . . except he could lift twenty pounds occasionally; ten pounds frequently; stand and/or walk for four hours; occasionally balance, stoop, crouch, kneel, crawl, and climb; [but with ] no exposure to hazards and no driving." (AR 19). Based

---

[1] "AR" refers to the administrative record by page number.

[2] RFC means "the most that a claimant can do despite her limitations." *Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019).

4

on claimant's RFC, age, education, and work experience, the ALJ found that although claimant could not perform his past work, other jobs existed in significant numbers in the national economy he could perform. (AR 23-24). Thus, the ALJ found claimant was not disabled. (AR 25).

On January 22, 2021, the Appeals Council denied claimant's appeal of the ALJ's decision. (AR 1-6).

On March 25, 2021, claimant filed his complaint with this Court. (Doc. 4). By February 3, 2022, the parties had fully briefed the issues, the Court deemed the case ready for decision, and the Court referred it to Judge Roberts for an R&R. (Doc. 21-24).

In his brief, claimant argued the ALJ erred in failing to assess the opinion of his treating physician, Dr. Travis Johnson. (Doc. 21, at 1). Specifically, claimant argued that the ALJ erred by: (1) finding the medical evidence inconsistent with Dr. Johnson's opinion and; (2) misidentifying Dr. Haas as the author of Dr. Johnson's opinion. (*Id.*, at 3-4, 5-7).

In his R&R, Judge Roberts found that substantial evidence supported the ALJ's conclusion that the medical evidence was inconsistent with Dr. Johnson's opinion and that the ALJ properly discounted that opinion. (Doc. 25, at 10-18). As for the misidentification of Dr. Johnson, Judge Roberts noted that the parties agreed that claimant's exhibits containing Dr. Johnson's opinion were mislabeled as coming from Dr. Haas, determined that the ALJ clearly and accurately addressed Dr. Johnson's findings, and that the mistaken reference to Dr. Haas was harmless error.[3] (Doc. 25, at 16, 17-18).

---

[3] Claimant does not object to this portion of Judge Roberts' R&R, and has thus waived his right to de novo review of this argument. The Court reviews the unobjected-to portions of the

## IV.   CLAIMANT'S OBJECTIONS TO THE R&R

In his objections to Judge Roberts' R&R, claimant accuses Judge Roberts of "rubber stamp[ing] the decision of the ALJ and restated post hoc rationalizations contrived by [the] Commissioner in her brief." (Doc. 26, at 3). Claimant argues that Judge Roberts "only address[ed] the substantial evidence prong of his responsibility in reviewing the ALJ's decision," and "did not show how the ALJ undermined the various limitations provided by Dr. Johnson with specific evidence and given the contradictory evidence pointed out by [claimant], [ ] it is unclear from the Magistrate Judge's findings how the conflicting evidence was reconciled by the ALJ."[4] (*Id.*, at 2-3).

## V.   DISCUSSION

The Court finds that Judge Roberts did not rubber stamp the ALJ's decision and did not engage in post hoc rationalizations of the ALJ's decision. To the contrary, Judge Roberts focused his analysis on what the ALJ stated about Dr. Johnson's opinion and the medical evidence to determine whether there was substantial evidence in the record to support the ALJ's conclusion not to give weight to that opinion. Thus, the question before Judge Roberts and the Court is not whether the Court would reach the same decision as the ALJ but, rather, whether the ALJ's decision is supported by substantial evidence. Judge Roberts found, and the Court agrees, that it was.

---

proposed findings or report and recommendation for "plain error." *See United States v. Rodriguez*, 484 F.3d 1006, 1010-11 (8th Cir. 2007) (noting that, where a party does not file objections to a magistrate judge's report and recommendation, the party waives the right to de novo review and the court will review the decision for plain error). Reviewing this issue for plain error, the Court agrees with Judge Roberts' analysis in finding the ALJ's mistaken reference to Dr. Haas instead of Dr. Johnson was harmless error.

[4] Claimant's objections are confusing in several ways, but the Court believes this summary reflects the gist of his argument. For example, claimant states both that Judge Roberts "does address the legal error that occurred in the ALJ's failure to properly address supportability of the opinion evidence" (Doc. 26, at 1) and that Judge Roberts "does not address the legal error in failing to properly analyze the supportability of the evidence" (*Id.*, at 2).

Dr. Johnson opined that claimant's symptoms constantly interfered with his ability to maintain attention and concentration to perform simple work-related tasks, but the ALJ rejected this opinion noting that it was inconsistent with claimant's electromyography ("EMG") study showing no evidence of motor or sensory polyneuropathy or evidence of an acute radiculopathy, and because claimant had normal strength and range of motion. (AR 21-22). In particular, the ALJ found that a 2017 EMG study upon which claimant relied was belied by a subsequent 2018 EMG study that showed "no evidence of motor or sensory polyneuropathy or evidence of an acute radiculopathy." (*Id.*). The ALJ also relied on records showing that claimant's neuropathy improved when he refrained from using alcohol. (AR 21).

In reviewing the ALJ's decision, Judge Roberts focused on the reasons the ALJ proffered for discounting Dr. Johnson's opinion. (Doc. 25, at 11-12). Claimant accuses Judge Roberts of failing to "show how the ALJ undermined the various limitations provided by Dr. Johnson with specific evidence[.]" (*Id.*, at 3). That is not so. Judge Roberts specifically noted the ALJ's reliance on a 2018 EMG study to conclude that Dr. Johnson's opinion was unsupported. (Doc. 25, at 11-12). Judge Roberts also noted that the ALJ relied on medical evidence showing claimant had normal strength and normal range of motion. (*Id.*, at 13-14). Judge Roberts also noted that the ALJ relied on "the medical evidence show[ing] Claimant had '[n]o focal sensory or strength deficits.'" (Doc. 25, at 12-13; AR 21). Judge Roberts did not simply rubber stamp the ALJ's finding but reviewed the record carefully and found substantial evidence in the record supported the ALJ's conclusion. (Doc. 25, at 14).

Claimant asserts that "it is unclear from the Magistrate Judge's findings how the conflicting evidence was reconciled by the ALJ." (Doc. 26, at 3). The Court finds otherwise. Indeed, Judge Roberts carefully pointed out how the ALJ reconciled the alleged conflicting evidence. For example, Judge Roberts noted that the ALJ found the

7

2018 EMG, being more recent in time, was more reliable than the 2017 EMG. (Doc. 25, at 12). Judge Roberts also noted that "[t]he ALJ explained at length that the 2017 EMG findings showed limited issues with findings of 'normal,' 'mild,' [and] 'no significant abnormalities.'" (*Id.*, citing AR 20, 445).

Claimant argues that Judge Roberts engaged in post hoc rationalization to uphold the ALJ's decision on grounds not articulated by the ALJ. "It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983). It is true that Judge Roberts went beyond the ALJ's explicit basis for discounting the weight he gave to Dr. Johnson's opinion by reviewing the record as a whole to determine if it provided a factual basis for the ALJ's decision. For example, Judge Roberts noted that Dr. Johnson's opinion was vague and conclusory and "consisted of nothing more than unsubstantiated conclusions in an RFC questionnaire." (Doc. 25, at 11). The ALJ does not mention any of that as a basis for discounting Dr. Johnson's opinion, but that does not mean that Judge Roberts erred in reviewing the record or engaged in post hoc rationalization for the ALJ's decision. Rather, Judge Roberts was charged not only with determining whether the ALJ provided a reasoned justification for discounting Dr. Johnson's opinion, but also whether the record as a whole supported the ALJ's ultimate decision. Judge Roberts based his conclusions solely on evidence in the administrative record. "Judicial review of the ALJ's decision requires examination of the record as a whole." *Salmon v. Saul*, No. 4:19 CV 228 ACL, 2020 WL 1479145, at *6 (Mar. 26, 2020) (citing *Pates-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009)). The Court, therefore, has a duty to examine the entirety of the record to determine if there is substantial evidence to support the ALJ's RFC decision. Here, that is exactly what Judge Roberts did. Judge Roberts first analyzed whether there was substantial evidence in the record as a whole to support the ALJ's stated reasons for rejecting Dr.

Johnson's opinion. Judge Roberts also looked at the record as a whole, however, to ensure that it supported the ALJ's RFC decision.

Thus, the Court overrules claimant's objection to Judge Roberts' R&R.

### VI. CONCLUSION

For these reasons:

1. Claimant's objections (Doc. 26) to the Report and Recommendation (Doc. 25) are **overruled**.

2. The Court **accepts** the Report and Recommendation (Doc. 25) without modification. *See* 28 U.S.C. § 636(b)(1).

3. The Commissioner's determination that claimant was not disabled is **affirmed** and judgment will enter against claimant and in favor of the Commissioner.

**IT IS SO ORDERED** this 4th day of August, 2022.

_____
C.J. Williams
United States District Judge
Northern District of Iowa